IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAGRARIO E. SILVA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-0545 |
| | § | |
| SPRING BRANCH INDEPENDENT | § | |
| SCHOOL DISTRICT, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the court are Plaintiff's Objections to Magistrate Judge's Order (Docket Entry No. 58), Plaintiff's Motion to Disqualify the Magistrate Judge ("Plaintiff's Motion to Disqualify") (Docket Entry No. 65), Plaintiff's Verified Supplemented Motion for Disqualification and Supporting Memorandum of Law ("Plaintiff's Supplemented Motion") (Docket Entry No. 76), and Plaintiff's Affidavit in Support of Motion to Disqualify Magistrate Judge (Docket Entry No. 77).

Under the rules, the District Judge must consider timely objections to a magistrate judge's order on a nondispositive matter. Fed. R. Civ. P. 72(a). The court will "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id.; see also 28 U.S.C. § 636(b)(1)(A).

In addition to Plaintiff's objections, the court has reviewed: (1) SBISD Defendants'[1] Response to Plaintiff's Objections to

---

[1]The SBISD Defendants are Spring Branch Independent School District, Karen Heeth, Marianne Cribbin, Gloria Tennon, and Stephanie Brown.

Magistrate Judge's Order (Docket Entry No. 60); (2) Plaintiff's Notice of Errors on the Filing of Objections to Magistrate Judge's Order (Docket Entry No. 61); (3) Plaintiff's Letter in Lieu of Motion in Response to Judge Sim Lake's Order from December 8, 2016 (Docket Entry No. 72); (4) SBISD Defendants' Response in Opposition to Plaintiff's "Letter in Lieu of Motion in Response to Judge Sim Lake's Order from December 8, 2016" [Doc 72] (Docket Entry No. 74); (5) all of the briefing on Plaintiff's Motion to Compel (Docket Entry Nos. 36, 38, 40, 41, 42, 43, 44, 47, 48, 50, 51, 52, 54); (6) the transcript of the hearing held on October 21, 2016 (Docket Entry No. 81); (7) the magistrate judge's oral order on Plaintiff's Motion to Compel; (8) Plaintiff's Motion to Request Reasons for Denial of Motion to Compel and Magistrate Judge'[s] Report and Recommendations (Docket Entry No. 57); and (9) the magistrate judge's written Order dated December 15, 2016 (Docket Entry No. 73).

Having reviewed all of these filings, the court concludes that the magistrate judge's order on Plaintiff's Motion to Compel is neither clearly erroneous nor contrary to law. Plaintiff's objections are therefore **OVERRULED**.

Section 455 of Title 28 of the United States Code directs a judge to disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Certain specific circumstances require that the judge recuse, including where the judge "has a personal bias or prejudice

concerning a party." 28 U.S.C. § 455(b)(1). The standard for determining whether a judge should recuse based on Section 455 is "whether a reasonable person, with full knowledge of all the circumstances, would harbor doubts about the judge's impartiality." Matassarin v. Lynch, 174 F.3d 549, 571 (5th Cir. 1999) (quoting Vieux Carre Property Owners, Residents, and Assocs., Inc. v. Brown, 948 F.2d 1436, 1448 (5th Cir. 1991)).

Judicial rulings, courtroom administration efforts, and ordinary admonishments to counsel and to witnesses are not valid bases for motions to recuse for personal bias or prejudice. See Liteky v. United States, 114 S. Ct. 1147, 1157 (1994) ("A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune [from establishing a bias]."); see also Raborn v. Inpatient Mgmt. Partners Inc., 352 F. App'x 881, 884 (5th Cir. 2009) (unpublished) (quoting Liteky, 114 S. Ct. at 1157, as stating that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible"). The disqualification decision is within the "sound discretion" of the judge. In re Deepwater Horizon, 824 F.3d 571, 579-80 (5th Cir. 2016).

The court has reviewed Plaintiff's motions to disqualify; SBISD Defendants' Response in Opposition to Plaintiff's Motion to

Disqualify the Magistrate Judge (Docket Entry No. 70); SBISD Defendants' Response in Opposition to Plaintiff's Verified Supplemented Motion for Disqualification and Supporting Memorandum of Law [Doc 76] and Plaintiff's Affidavit in Support of Motion to Disqualify Magistrate Judge [Doc 77] (Docket Entry No. 79); and transcripts of the hearings held on June 10, 2016, October 21, 2016, and November 28, 2016 (Docket Entry Nos. 80, 81, 82).

Plaintiff contends that, at the pretrial conference, the magistrate judge "displayed an improper and unfair conduct in handling this case," "argu[ed] the case in favor of the defendants," "accused Plaintiff of having legal expertise without offering any evidence," and "threatened . . . dismissal of the complaint while repeatedly demanding Plaintiff to provide legally grounded explanation of the section 1981 and to offer direct and specific evidence of age discrimination."[2] Plaintiff also alleges that the magistrate judge mishandled the hearing on Plaintiff's Motion to Compel by not allowing Plaintiff "the right to argue her motion and without considering any evidence" and that the magistrate judge "repeatedly yelled to Plaintiff and told Plaintiff not to argue any of the facts in her motions" but allowed the SBISD Defendants to file other discovery motions and briefing "based on

---

[2]Plaintiff's Motion to Disqualify, Docket Entry No. 65, p. 1 ¶ 3, p. 2 ¶ 4.

false grounds of wholly new issues" without allowing Plaintiff to discuss the new issues at the hearing.[3]

In Plaintiff's supplemental motion for disqualification, Plaintiff alleges that "[i]ssues appeared to arise on April 7, 2016, when the magistrate judge's case manager phoned Plaintiff to reschedule the pretrial hearing initially scheduled for May 26, 2016," specifically requesting Plaintiff "to make herself available at the 'earliest possible date' following April 7."[4]  The case manager did not answer Plaintiff's inquiry about the rush for the hearing but hung up and called back later to say that the hearing would remain as originally scheduled.[5]  Plaintiff also repeats prior contentions that the magistrate judge argued Defendants' case, challenged Plaintiff's assertion that she was litigating without legal expertise or legal assistance, and interrupted Plaintiff in order to argue for Defendants.[6]

Plaintiff also contends that, at the discovery hearing, the magistrate judge relied only on Defendants' counsels' "unsupported statements and unsubstantiated representations," "argued and concluded on behalf of the defendants," and determined that "they had provided timely and adequate responses to Plaintiff's requests,

---

[3] Id. at 2 ¶¶ 5, 6

[4] Plaintiff's Supplemented Motion, Docket Entry No. 76, p. 2 ¶ 1.

[5] Id.

[6] See id. at 2-4.

without providing any evidence and without affording Plaintiff a fair opportunity to rebut such assertions or to argue the evidence she already had stated in her discovery motions."[7] According to Plaintiff:

> Anytime the Plaintiff tried to address the issues, the magistrate judge interrupted and yelled out loud to Plaintiff, "don't argue it[,]" "I told you not [to] argue with me[,]" "I don't want you to talk about the issues in your motions[,]" "the defendants have provided you timely responses[,]" "their responses are adequate, what are you talking about[,]" "those objections are normal objections."[8]

Plaintiff describes her perception of an unfair contrast between how the magistrate judge treated Plaintiff and how the magistrate judge treated Defendants' counsel.[9] Plaintiff takes issue with the magistrate judge's characterization of "Plaintiff's concerns and objections as 'unhappiness' because the ruling was not in her favor"[10] and with the magistrate judge's comment that, if Plaintiff did not like the ruling, she could "appeal to Judge Lake," which Plaintiff claims the magistrate judge "yelled out in a sarcastic form."[11]

Plaintiff alleges that the audio recordings of the hearings, which were provided to Plaintiff, "do not accurately reflect what

---

[7] Id. at 4-5 ¶ 8.

[8] Id. at 5 ¶ 9.

[9] See id. at 6.

[10] Id. at 7 ¶ 13.

[11] Id. at 6-7 ¶ 12.

actually have occurred at the hearings" and that "the entries in the docket do not accurately reflect the actual filings."[12] Plaintiff argues that the court mischaracterized Plaintiff's interaction with the case manager as "disruptive" when Plaintiff merely questioned the case manager about the purpose of the hearing scheduled for November 28, 2016, and the case manager was unable to identify the motion to be addressed.[13]

Having reviewed the transcripts from the hearings about which Plaintiff complains, the court finds that Plaintiff mischaracterizes the magistrate judge's courtroom comments and rulings, misunderstands litigation procedures and practices, and apparently lacks knowledge of acceptable courtroom decorum. It is clear from the transcripts that at the initial hearing the magistrate judge inquired about Plaintiff's claims in order to better understand the allegations and at both hearings stopped Plaintiff from continuing to argue after the magistrate judge had made her rulings. Plaintiff's complaints fall within the category of courtroom administration efforts and ordinary admonishments that, even if the magistrate judge was stern or short-tempered, do not suggest personal bias or prejudice. See Liteky, 114 S. Ct. at 1157 ("[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or

---

[12] Id. at 7 ¶ 14.

[13] Id.

their cases, ordinarily do not support a bias or partiality challenge."). Furthermore, Plaintiff's disagreement over legal rulings is not a ground for recusal. See id. ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Plaintiff's Motion to Disqualify the Magistrate Judge (Docket Entry No. 65) and Plaintiff's Verified Supplemented Motion for Disqualification (Docket Entry No. 76) are **DENIED**.

**SIGNED** in Houston, Texas, on this 22nd day of December, 2016.

							_____
							SIM LAKE
							UNITED STATES DISTRICT JUDGE